## ·CHARLESTON.

### LIVESAY *v.* DUNN.

Submitted January 11, 1890—Decided January 30, 1889.

LIMITATIONS OF ACTIONS--JUSTICE OF THE PEACE--JUDGMENTS.

> Action on a judgment rendered by a justice, Sections 10, 11, c. 139, Code, are applicable to judgments rendered by a justice, so far as to provide that upon such a judgment, on which no execution within two years from the date of its rendition has issued, an action may be brought at any time within ten years after the date of the judgment; but, if such action be against a personal representative of a decedent, it shall be brought within five years from the qualification of such representative. *Handy* v. *Smith*, 30 W. Va. 195, (3 S. E. Rep 604).

*J. W. Davis* for plaintiff in error.

*J. W. Arbuckle & J. A. Preston* for defendant in error.

LUCAS, JUDGE:

On writ of error from the Circuit Court of Greenbrier county. On the 7th of April, 1884, the plaintiff, J. J. Livesay, recovered a judgment against the defendant, J. R. Dunn, in a justice's court, for $281.38, and, no execution having issued thereon, the plaintiff brought an action on the judgment before the same justice, on the 26th day of May, 1888. The justice decided the case against the plaintiff, and dismissed his action. On appeal to the Circuit Court, that court affirmed the judgment of the justice in favor of the defendant, upon the ground (no other defence being tendered) that the judgment of April 7, 1884, was barred by the statute of limitations, for the reason that "no execution had issued thereon within three years from the date of its rendition."

The question before us is, whether this Court should sustain or reverse the action of the Circuit Court.

Chapter 50 of the Code treats "of the powers, duties, and liabilities of justices, and the proceedings in civil suits, and in the trial of offences of which justices have jurisdiction." The general prescriptions of the jurisdiction of the justice

includes (see section 8) "all civil actions for the recovery of money or the possession of property," provided the amount does not exceed $300.00, exclusive of interest and costs. This section obviously authorizes actions upon judgments as well as upon simple contracts. Were there any doubt on this subject, it would be dispelled by section 51, which says : "If the plaintiff's demand. in the action be upon judgment or contract," *etc.*

Now, we find that chapter 50 nowhere provides any limitation of the time in which actions for the recovery of money may be brought before a justice. The inevitable conclusion, therefore, is that the subsequent chapters of the Code on the limitations of actions are general in their character, and are intended to apply to actions before justices as well as before Circuit Courts. Thus the most casual examination of chapter 104 on the "limitation of personal actions" (see Code 1887, p. 711) will demonstrate that all actions before justices, unless otherwise provided, are governed by the limitations prescribed by sections 6 and 7 of that chapter on notes, bonds, awards, and simple contracts. And so, when we take up chapter 139, which provides "the limitation of proceedings on judgments," we find that, except where expressly otherwise limited, it necessarily applies to all judgments, whether before a justice or the Circuit Court or County Court in a proper case. Section 10 of this chapter (139) provides : "And an action, suit, or *scire facias* may be brought upon a judgment on which no execution issued within the said two years, * * * at any time within ten years next after the date of the judgment." Code 1887, p. 866, § 10. As all the other provisions in reference to limiting actions for money apply to the jurisdiction of a justice, it is quite clear that this section 10, and also 11, of this chapter, (139) were intended to fix the standard of limitation by lapse of time, when the action is before a justice on a judgment. It is admitted that chapter 50 fixes no such limitation of time as to actions on judgments before a justice. If therefore, chapter 139 does not apply, there is a *casus omissus*, and section 12, c. 104, would apply. This section fixes the "limitation of actions not specifically provided for at five years." This period not having elapsed in this case, the judgment of the Circuit Court would still have to be reversed.

The counsel for the defendant contended that, because the lien of a judgment can not be enforced against realty after the right of the creditor to issue execution has expired, therefore a magistrate's judgment can not be revived or sued upon after the lapse of the three years within which execution thereon might issue. This conclusion, it will be observed, is a very apparent, or transparent, *non sequitur.* If a judgment has been revived by *scire facias*, or another judgment, in a proper action, obtained thereon, the new lien attaches (when docketed) to realty, and may be enforced in chancery for and during a period of ten years; but, when, beyond said period, the creditor has permitted his judgment to remain dormant, the remedy being gone at law, equity, which follows the law, will not interfere to enforce the judgment. This is all that the leading case of *Werdenbaugh* v. *Reid*, 20 W. Va. 600, decides, and it is difficult to see what light its adjudication casts upon the case now before us.

The judgment of the Circuit Court rendered June 28, 1889, must be reversed, and judgment entered for the plaintiff.

REVERSED.